1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

TAMARA SPEAKS,

           Plaintiff,

    v.

EMPLOYERS HOLDINGS INC, et al.,

           Defendants.

Case No. 2:23-cv-0068-GMN-BNW

**ORDER**

Before the Court is Defendants Employers Holdings Inc. (EHI) and EIG Services Inc.'s (EIG) (collectively, the "defendants") Motion to Stay Discovery. ECF No. 44. Plaintiff, Tamara Speaks, filed a response in opposition (ECF No. 51) to which Defendants replied (ECF No. 57).

**I.      Background**

This matter arises out of an employment dispute involving Plaintiff Tamara Speaks' former employment with EIG (and, according to Plaintiff, also EHI). She brings several causes of action in her Second Amended Complaint: (1) Sexual Discrimination/ Sexual Harassment based on hostile work environment and quid pro quo theories; (2) Discrimination based on age; (3) Discrimination based upon disability; (4) Discrimination based upon race; (5) Retaliation; and (6) Intentional infliction of emotional distress (IIED). ECF No. 35.

Once the Second Amended Complaint was filed, Defendants moved to dismiss all claims. ECF Nos. 40, 41. In addition, Defendants moved to stay discovery. ECF No. 44. Defendants argue they meet all of the factors under *Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013) and, as a result, a discovery stay is appropriate. *Id.*

1    Plaintiff opposed the Motion. Plaintiff argues this Court should employ the test in *Turner*[1]

2    and that, given the pending motions to dismiss cannot be decided without additional discovery,

3    Defendants' Motion to Stay Discovery should be denied. ECF No. 51.

4    In its Reply, Defendants argue that discovery should be stayed irrespective of whether this

5    Court applies *Kor Media* or *Turner.* ECF No. 57. In addition, Defendants argue discovery is not

6    necessary to resolve the pending motions to dismiss and provide specifics (as suggested by the

7    *Turner* decision) regarding the burden discovery would place upon them at this stage. *Id*.

8    **II.      Legal Standard**

9    The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

10   discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of*

11   *L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995).

12   A court may, however, stay discovery under Federal Rule of Civil Procedure 26(c). Fed.

13   R. Civ. P. 26(c)(1); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (affirming stay of

14   discovery under Rule 26(c)). The standard for staying discovery under Rule 26(c) is good cause.

15   Fed. R. Civ. P. 26(c)(1) (the court "may, for good cause, issue an order to protect a party or

16   person from annoyance, embarrassment, oppression, or undue burden or expense," including

17   forbidding discovery or specifying when it will occur).

18   The Ninth Circuit has not provided a rule or test that district courts must apply to

19   determine if good cause exists to stay discovery. *Salazar v. Honest Tea, Inc.*, No. 2:13-CV-

20   02318-KJM-EFB, 2015 WL 6537813, at *1 (E.D. Cal. Oct. 28, 2015) ("The Ninth Circuit has not

21   provided guidance on evaluating a motion to stay discovery pending resolution of a potentially

22   dispositive motion, other than affirming that district courts may grant such a motion

23   for good cause."); *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL

24   489743, at *6 (E.D. Cal. Feb. 7, 2011) ("The Ninth Circuit Court of Appeals has not announced a

25   clear standard against which to evaluate a request or motion to stay discovery in the face of a

26   pending, potentially dispositive motion.").

27

28

---

[1] *Marcus Turner v. Harvard MedTech of Nevada*, Case No. 2:22-cv-1264-JCM-BNW.

1        The Ninth Circuit has, however, identified one scenario in which a district court may stay

2   discovery and one scenario in which a district court may *not* stay discovery. The Ninth Circuit has

3   held that a district court *may* stay discovery when it is convinced that the plaintiff will be unable

4   to state a claim upon which relief can be granted. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th

5   Cir. 1981) ("A district court may limit discovery 'for good cause', Rule 26(c)(4), Federal Rules of

6   Civil Procedure, and may continue to stay discovery when it is convinced that the plaintiff will be

7   unable to state a claim for relief."); *B.R.S. Land Invs. v. United States*, 596 F.2d 353, 356 (9th Cir.

8   1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is

9   convinced that the plaintiff will be unable to state a claim upon which relief can be granted.").[2]

10  The Ninth Circuit has also held that a district court may *not* stay discovery when discovery is

11  needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d

12  378, 383 (9th Cir. 1993) (district court would have abused its discretion in staying discovery if

13  the discovery was necessary to decide the dispositive motion); *Kamm v. Cal. City Dev. Co.,* 509

14  F.2d 205, 210 (9th Cir. 1975) (same).

15       Based on this Ninth Circuit law, district courts in the District of Nevada typically apply a

16  three-part test to determine when discovery may be stayed.[3] *See, e.g.*, *Kor Media Group, LLC v.*

17  *Green*, 294 F.R.D. 579 (D. Nev. 2013). This Court will refer to this test as the "preliminary peek

18  test." The preliminary peek test asks whether (1) the pending motion is potentially dispositive, (2)

19  the potentially dispositive motion can be decided without additional discovery, and (3) after the

20  court takes a "preliminary peek" at the merits of the potentially dispositive motion, it is

21  "convinced" that the plaintiff cannot state a claim for relief. *Id.* at 581. If all three questions are

22  answered affirmatively, the Court may stay discovery. *Id.* The point of the preliminary peek test

23  is to "evaluate the propriety of an order staying or limiting discovery with the goal of

24  accomplishing the objectives of Rule 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D.

25

26  [2] The Court interprets both these Ninth Circuit cases as providing one scenario in which it is appropriate to stay discovery but not the only scenario. *See also Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming stay of

27  discovery without discussing whether court was convinced plaintiff could not state a claim before entering stay); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (same); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (same).

28  [3] The Court notes that these District of Nevada cases are persuasive authority, and the Court is not bound by them.

1   Nev. 2011). Rule 1 provides that the Federal Rules of Civil Procedure should be construed "to

2   secure the just, speedy, and inexpensive determination of every" case. Fed. R. Civ. P. 1.

3          This Court, however, has found the preliminary peek test to be problematic because it is

4   often inaccurate and inefficient.

5          First, applying the preliminary peek test does not always lead to "accurate results" in

6   which the cases that will ultimately be dismissed are stayed and vice versa. This is so for two

7   primary reasons. In the District of Nevada, a magistrate judge applies the preliminary peek test

8   and decides whether discovery should be stayed; however, a district judge decides the dispositive

9   motion. These judges sometimes have different views on the merits of the dispositive motion,

10  leading to discovery being stayed in some cases it should not have been stayed in and vice versa.

11  *See also* Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay*

12  *Discovery When A Motion to Dismiss Is Pending*, 47 Wake Forest L. Rev. 71, 97 (2012)

13  (identifying same issue). Additionally, the test requires the magistrate judge to take a

14  "preliminary peek" (i.e., a superficial look) at the dispositive motion and be *convinced* that the

15  plaintiff cannot state a claim for relief before staying discovery. *Kor Media*, 294 F.R.D. at 583-84

16  (discovery stay inappropriate when there is only "a possibility" defendant will succeed on its

17  dispositive motion; "[g]enerally, there must be *no question* in the court's mind that the dispositive

18  motion will prevail . . . ."). When the preliminary peek test is applied as written, it leads to

19  discovery being stayed in only the simplest, legally baseless cases. For most cases, and certainly

20  complex cases, it is impossible for the Court to do a "preliminary peek" and be *convinced* that the

21  plaintiff cannot state a claim. This is problematic because complex cases, in which discovery will

22  be extremely costly, are the types of cases where discovery stays may be particularly appropriate

23  while a dispositive motion is pending (to accomplish the goals of Rule 1). Nevertheless, the

24  preliminary peek test, applied as written, leads to most motions to stay discovery being denied.

25  Accordingly, the preliminary peek test is not well-suited for sorting which cases will be dismissed

26  (and thus should have discovery stayed) from those cases that will proceed (and thus should *not*

27  have discovery stayed).

28

*Second*, the preliminary peek test is inefficient. As just explained, if the preliminary peek test is applied as written (i.e., the Court must be *convinced* after a superficial look at the dispositive motion that the plaintiff cannot state a claim), it often fails to accurately sort those cases that will be dismissed (and should have discovery stayed) from those cases that will proceed (and should not have discovery stayed). To improve the accuracy of the preliminary peek test (and allow discovery stays in cases in which this Court believes the dispositive motion will be granted), this Court has in the past engaged in a full analysis of the dispositive motion. This takes considerable time and delays providing the parties with a decision on the motion to stay discovery.[4] It is also an inefficient use of judicial resources because both the magistrate judge and the district judge fully analyze the same dispositive motion. And, even after all this effort, the magistrate judge and district judge may still have different views on the merits of the dispositive motion. *See also* Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When A Motion to Dismiss Is Pending*, 47 Wake Forest L. Rev. 71, 101 (2012) (noting that having two different judges decide the dispositive motion and the motion to stay discovery introduces burden and error into the preliminary peek test). In short, doing a full analysis of the dispositive motion may improve the accuracy of the preliminary peek test but it takes significant time, duplicates effort, delays providing the parties a decision on whether discovery is stayed, and may still lead to discovery being inappropriate stayed or allowed to proceed.

This Court believes a better analytical framework exists for determining when motions to stay should be granted. As the Court previously discussed, the Court may grant motions to stay discovery when a dispositive motion is pending if (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *See Alaska Cargo Transp.*, 5 F.3d at 383 (district court would have abused its discretion in staying discovery if the discovery was necessary to decide the dispositive motion); *Kamm,* 509 F.2d at 210 (same); Fed. R. Civ. P. 26(c)(1) (the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including

---

[4] This delay often also creates a *de facto* stay of discovery, which is problematic in and of itself.

1    forbidding discovery or specifying when it will occur). "The burden is upon the party seeking the

2    order to 'show good cause' by demonstrating harm or prejudice that will result from the

3    discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). As the Court will

4    discuss in more detail below, good cause may be established using the preliminary peek test, but

5    it may also be established by other factors, not related to the merits of the dispositive motion.

6         The Ninth Circuit has held that good cause to stay discovery may exist when the movant

7    can convince the Court that plaintiff cannot state a claim. *See Wood*, 644 F.2d at 801 (district

8    court may stay discovery when it is convinced that plaintiff will be unable to state a claim); *B.R.S.*

9    *Land Invs.*, 596 F.2d at 356 (same). These cases remain valid authority, and litigants may still

10   move for a discovery stay under the preliminary peek test. However, as previously discussed, this

11   will only result in discovery stays in the simplest, legally baseless cases.

12        That said, good cause may exist based on other factors unrelated to the merits of the

13   dispositive motion. In many cases, the movant seeks a stay of discovery to prevent "undue burden

14   or expense." *See* Fed. R. Civ. P. 26(c)(1). Accordingly, the movant must establish what undue

15   burden or expense will result from discovery proceeding when a dispositive motion is pending.

16   Movants are encouraged to be specific about the realistically anticipated costs of discovery (based

17   on factors such as the complexity of the claim(s) at issue, the number of claims asserted, the

18   number of parties involved in the litigation, the number of witnesses including experts, the

19   volume of documents at issue, etc.). Although parties opposing a motion to stay discovery carry

20   no burden to show harm or prejudice if discovery is stayed, they are encouraged to discuss any

21   specific reasons why a discovery stay would be harmful (e.g., the case is old and evidence is

22   getting stale, a witness is sick and may die before discovery begins, the public has an interest in

23   the speedy resolution of the issues presented, the claimant's resources and ability to wait for a

24   judgment, etc.). Ultimately, guided by Rule 1 of the Federal Rules of Civil Procedure, the Court is

25   trying to determine "whether it is more just to speed the parties along in discovery and other

26   proceedings while a dispositive motion is pending, or whether it is more just to delay or limit

27   discovery and other proceedings to accomplish the inexpensive determination of the case."

28   *Tradebay*, 278 F.R.D. at 603.

**III.    Analysis**

Here, Defendants move to stay discovery based on *Kor Media's* preliminary peek test and, in their reply, *Turner's* factors. Although this Court is not convinced that Plaintiff will be unable to state a claim for relief, it is persuaded that good cause exists to stay discovery.

First, the Court reviewed the parties' briefs on the motion to stay discovery and took a preliminary peek at Defendants' dispositive motions. Having conducted this preliminary peek, the Court is not convinced that Plaintiff will be unable to proceed with *any* of the claims Defendants seek to dismiss. (As discussed above, it is virtually impossible for the Court to be convinced that Defendants will succeed on their motions based on a preliminary peek.) The Court will not, however, provide an in-depth analysis of its evaluation of the motions to dismiss.

> The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery . . . .

*Tradebay*, 278 F.R.D. at 603.

Second, this Court agrees with Defendants that additional discovery is not needed to decide the motions to dismiss (ECF No. 57 at 2-4). The issues raised in the motions to dismiss are purely legal in nature.

Third, this Court finds that Defendants demonstrated harm or prejudice will result if discovery proceeds now, and as such, good cause exists to stay of discovery. This case involves six different claims against two Defendants. Defendants have explained how expensive it will be to defend against all claims ($82,150 to $87,150 not including written discovery or motions). ECF No. 57 at 4-5. The economic burden is particularly important to establishing good cause given the length of time it takes this Court to decide motions to dismiss. It is entirely likely that Defendants would have to spend a good portion of the amounts discussed above before this Court has the opportunity to address the pending motions to dismiss. In this vein, this Court does not believe that Plaintiffs will be allowed to proceed with all claims against both defendants. The motions to dismiss have the potential to simplify, or at least solidify, the parties, claims, and scope of

discovery in this case. As such, the Court finds it would be prejudicial to Defendants to proceed

with discovery now. Good cause exists to stay discovery pending the determination of the

pending dispositive motions.

**IV.     Conclusion**

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery (ECF No.

44) is **GRANTED.**

**IT IS FURTHER ORDERED** that the parties are to file a joint, proposed discovery plan

and scheduling order within 14-days after ECF Nos. 40, 41are decided;

**IT IS FINALLY ORDERED** that the hearing set for Tuesday, July 18, 2023 is hereby

**VACATED**.

DATED: July 17, 2023

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE